UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: PAULETTE ZOLICOFFER, | ) | No. 19-18455 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| PAULETTE ZOLICOFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Cassling |
| | ) | |
| | ) | No. 23-14 |
| U. S. DEPARTMENT OF EDUCATION, | ) | |
| MAXIMUS EDUCATION, LLC dba | ) | |
| AIDVANTAGE, and NAVIENT | ) | |
| SOLUTIONS LLC, | ) | |
| | ) | |
| Defendants. | | |

## ANSWER

The United States Department of Education (Education), by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, answering the specific allegations of plaintiff Paulette Zolicoffer's complaint, admits, denies, or otherwise avers as follows:

### The Parties

1. **Complaint:** Paulette Zolicoffer is the Debtor in Chapter 7 bankruptcy case, filed on June 28, 2019, (the "Petition Date") and pending before this Court as case number 19 B 18455.

    **Response:** Education admits the allegations in the first paragraph but notes that the above captioned bankruptcy case was originally filed under Chapter 13.

2. **Complaint:** The Defendant, the U.S. Department of Education, is headquartered in Washington D.C. and is the holder of certain debts that were included in the bankruptcy and were incurred by Plaintiff as educational loans.

**Response:** Education admits the allegations in the second paragraph but notes that it holds certain student loan debt that was incurred postpetition and, therefore, is not subject to discharge in the above captioned bankruptcy case.

3. **Complaint:** The Defendant, Maximus Education, LLC dba Aidvantage, is the federal loan servicing unit responsible for servicing the educational loans held by Defendant, the U.S. Department of Education.

**Response:** Education denies that Aidvantage is a federal entity but admits that Aidvantage is the servicer of the student loans held by Education.

4. **Complaint:** The Defendant, Navient Solutions LLC, is further the holder of certain debts that were included in the bankruptcy and were incurred by Plaintiff as educational loans.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4; accordingly, they are denied.

### Jurisdiction

5. **Complaint:** This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 because this is adversary proceeding arises under and is related to Debtor's above captioned bankruptcy case pending in this Court. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(B)(2). Venue is proper pursuant to 28 U.S.C. §1409.

**Response:** Admit.

6. **Complaint:** The Statuary [sic] basis for the relief requested is 11 U.S.C. § 523(a)(8)(B).

**Response:** Education admits that 11 U.S.C. § 523(a)(8) provides the standard for bankruptcy discharge of the student loan debt held by Education.

### Factual Allegations

7. **Complaint:** Plaintiff is a single mother of two children.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7; accordingly, they are denied.

8. **Complaint:** Plaintiff attended college and borrowed tens of thousands of dollars in federal student loans now held and serviced by Defendants.

**Response:** Education admits that it holds $233,811.23 in student loans owed by Zolicoffer but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8, which are denied.

9. **Complaint:** Over the years, Plaintiff has made several payments on the loans when Plaintiff could and has requested deferments or forbearances when Plaintiff could not.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9; accordingly, they are denied.

10. **Complaint:** Despite Plaintiff's efforts, Plaintiff has made no progress with paying down the loans. As of the date of the petition, Plaintiff owes as follows:

- U.S. Department of Education/ Aidvantage – $9,951.00
- Navient Solutions, LLC – $123,196.00

**Response:** Deny.

11. **Complaint:** If Plaintiff is forced to repay these loans, it will impose an undue hardship on the Plaintiff, as described in 11 U.S.C. § 523(a)(8)(B).

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11; accordingly, they are denied.

12. **Complaint:** In determining whether student loans impose an undue hardship, many courts have adopted the framework known as the *Brunner* test that was laid out in *Brunner v. N.Y. State Higher Educ. Servs. Corp.,* 831 F. 2d 395 (2d Cir. 1987).

**Response:** Admit.

13. **Complaint:** Under the *Brunner* test, the Debtor will prevail if the Debtor can establish that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. *Id*. at 396.

**Response:** Admit.

14. **Complaint:** Plaintiff cannot presently maintain a minimal standard of living if required to repay these loans, as clearly evidenced by Plaintiff's budget.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14; accordingly, they are denied.

15. **Complaint:** Present circumstances indicate that Plaintiff's financial situation is likely to persist into the future as Plaintiff has been out of school for more than ten (10) years.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15; accordingly, they are denied.

16. **Complaint:** Plaintiff has acted in good faith in attempting to repay the loans as Plaintiff has previously made payments on the loans when Plaintiff could and applied for deferment or forbearance on the loans. Further, Plaintiff has previously applied for federal consolidation loan and has responded to outreach from a collector or servicer of these debts. She has previously engaged meaningfully regarding payments options, forbearance or loan consolidations.

**Response:** Education denies that Zolicoffer made payments on the loans held by Education, admits that Zolicoffer applied for deferment or forbearance, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 16, which are denied.

17. **Complaint:** Plaintiff cannot pay these loans back and maintain a minimum standard of living. Repayment of these loans would impose an undue hardship on the Plaintiff within the meaning of the Bankruptcy Code.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17; accordingly, they are denied.

WHEREFORE, the United States Department of Education requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ David H. DeCelles
    DAVID H. DECELLES
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4220
    david.decelles@usdoj.gov

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, L.R. 7005-1, and the Administrative Procedures for the Case Management/Electronic Case Filing System, the following document:

ANSWER

was filed and served pursuant to the bankruptcy court's ECF system on the following ECF filer:

Janna Quarless
The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
jquarless@semradlaw.com

s/ David H. DeCelles
DAVID H. DECELLES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
david.decelles@usdoj.gov